BERNARD VS. DICKINS.

While the contract is executory, or where the mode of payment is otherwise than in money, the declaration must be special—on the contract—and no recovery can be had on the money counts.

*Appeal from Ycll Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WALKER & GREEN, for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was assumpsit by Dickins against Bernard, in the Yell Circuit Court. The declaration contained the common indebitatus counts for work and labor, &c., goods, wares and merchandize, &c., money had and received, &c., and a count upon an account stated. The suit was commenced 4th February, 1859.

The defendant pleaded the general issue, and on the trial the following evidence was introduced, as stated in the bill of exceptions :

A witness for the plaintiff testified that in January, 1859, on Saturday, he was called on to witness a contract between the plaintiff and defendant for the sale of goods then in a store-house in Dardanelle. That the terms of the contract were, that the plaintiff was to sell to the defendant the lot of goods at the invoice price until they amounted to the sum of $250, and all over that amount the plaintiff was to deduct ten per cent from the invoice price of the goods ; and defendant was to pay $100 in money down on delivery, and a note on John H. Jones for about $50 at the same time, and the balance, if any, in twelve

months from that time.   That the goods were invoiced on Sunday and Sunday-night following.   That defendant then took the key of the house in which the goods were deposited ; and that on Monday another witness bought of defendant two wagon boxes, which were part of the goods so sold.   That plaintiff went into the house and delivered the boxes to the witness, at the instance and request of defendant, and that witness paid defendant for the same in the presence of the plaintiff.   Another witness stated that defendant, after this sale, told him he did not like the goods ; and that afterwards the plaintiff had the goods, so sold to the defendant, boxed up.   That afterwards defendant stated to plaintiff, he did not want to have any thing to do with the goods ; plaintiff proposed to invoice them again if not satisfactory to defendant, and defendant said that he did not want to have any thing to do with the goods.   That the invoice price of the goods amounted to $661.

Upon the above evidence, the jury rendered a verdict in favor of plaintiff for $150 in damages.

A record entry, and the bill of exceptions, state that the defendant moved for a new trial, and that the court overruled the motion, but the motion does not appear in the transcript, nor are the grounds of the motion stated in the bill of exceptions, nor does it appear from the bill of exceptions that the court gave any charge to the jury, or ruled any matter of law, during the trial.   The only question arising upon the record, therefore, is, did the court err in refusing a new trial ? in other words, was there any evidence to support the verdict ?

1. The verdict for $150 must have been for the $100 in money, which, by the terms of the contract, Bernard was to pay Dickins on delivery of the goods, and for the amount of the note on Jones, which note Dickins was to receive at the same time.   The remainder of the purchase money was not due at the time the suit was commenced.

But Dickins was not entitled to recover the value of the note on Jones under the common count ; he should have declared specially on the contract.   Mr. GREENLEAF, in his work on *Evi-*

*dence, vol.* 2, *sec.* 104, says : " The law on this subject may be reduced to these three general rules. (1) So long as the contract continues executory, the plaintiff must declare specially ; but when it has been executed on his part, and nothing remains but the payment of the price in money, by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts, or may declare specially on the original contract, at his election. If the mode of payment was any other than in money, *the count must be on the original contract,* and if it was to be in money, and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit expires, &c. The other two rules referred to need not be stated, as they are not applicable to this case.

Here, assuming it to have been proven that the goods were delivered by the plaintiff below, the contract was executed on his part, and there remained nothing more to be done, but the payment of the price by the defendant ; but a part of the price was to be paid in a *note* upon a third person, which was not *money,* but property, (a chose in action,) and in order to recover the value of the note, if not delivered, the plaintiff should have declared specially on the contract.

2. The second point discussed for the appellant, is, that the jury were not warranted in finding, upon the evidence, that there was such a delivery of the goods as would take the contract of sale out of the statute of frauds ; but inasmuch as the judgment must be reversed on the first point, we shall give no opinion upon the second.

The judgment is reversed, and the cause remanded for further proceedings.